**FILED**
**NOV 1 4 2002**
MARTIN C. ASHMAN
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) No. 02 CR 944 |
| | ) Violation: Title 18 United |
| | ) States Code, Section 1028(a)(1) |
| | ) |
| v. | ) |
| | ) |
| 1 TIJUANA LEONARD, | ) |
| 2 GENELL LONIE, | ) |
| 3 ROBIN HATCHETT, | ) |
| 4 SHIKILA BLOUNT, | ) |
| 5 BELINDA JOHNSON, | ) |
| 6 SABRINA JUNIOR, and | ) |
| 7 KEISHA BIBBS | ) |

JUDGE SHA[...]

MAGISTRATE JUDGE KEYS

**DOCKETED**
**NOV 1 9 2002**

## COUNT ONE

The SPECIAL FEBRUARY 2002-2 Grand Jury charges:

1. At times material to this indictment:

    a. Marshall Fields, Inc. was a wholly owned subsidiary of Target, Inc. Both companies operated retail stores in interstate commerce, such that a depletion of their assets and inventory would affect interstate commerce.

    b. If a Marshall Fields or Target customer presented a personal check to a cashier for payment of merchandise, the cashier would confirm the validity of the check.

    c. This confirmation would consist of ensuring the bank routing number, located on the bottom of all checks, represented a legitimate bank.

    d. The cashier would also require the customer to present proof of identification in the same name as that on the presented check. The defendants below all submitted a driver's

license in the same name as that which appeared on the check. That name was not their own and was a fictitious individual.

2. From at least August 9, 1998, and continuing until at least on or about April 25, 2002, in the Northern District of Illinois,

>TIJUANA LEONARD,
>GENELL LONIE,
>ROBIN HATCHETT,
>SHIKILA BLOUNT,
>BELINDA JOHNSON,
>SABRINA JUNIOR, and
>KEISHA BIBBS

defendants herein, and other unknown individuals, knowingly devised, intended to devise, and participated in a scheme to defraud Target, Inc. and other retail stores in Illinois to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, that is the defendants gave false identification affecting interstate commerce within the meaning of Title 18, United States Code, Section 1028(c)(3)(A), and submitted checks which they knew were not drawn on real checking accounts, to retail stores of Target, Inc. to pay for merchandise, which scheme is further described below.

3. It was further part of this scheme that defendants, using various names, would purchase goods from retail stores by providing a false identification document and a check with a correct bank routing number but a fraudulent checking account number.

4. It was further part of this scheme that defendants would produce and cause the production of fraudulent state driver's licenses bearing their photographs but fictitious names

2

and other information.

5. It was further part of the scheme that from approximately March 20, 1999 until and including October 25, 2001, TIJUANA LEONARD purchased over $3,800 worth of merchandise from Marshall Fields and Target stores in six (6) states, including Illinois, using false names, identifications, and paying with fraudulent checks in that the bank routing number was accurate but the checking account number was not to a real account

6. It was further part of the scheme that from approximately August 9, 1998 until and including March 11, 2002, GENELL LONIE purchased over $27,000 worth of merchandise from Marshall Fields and Target stores in six (6) states, including Illinois, using false names, identifications, and paying with fraudulent checks in that the bank routing number was accurate but the checking account number was not to a real account.

7. It was further part of the scheme that from approximately September 11, 1999 until and including February 4, 2002, ROBIN HATCHETT purchased over $9,000 worth of merchandise from Marshall Fields stores in five (5) states, including Illinois, using false names, identifications, and paying with fraudulent checks in that the bank routing number was accurate but the checking account number was not to a real account.

8. It was further part of the scheme that from approximately July 8, 1999 until and including March 1, 2002, SHIKILA BLOUNT purchased over $15,000 worth of merchandise from Marshall Fields stores in seven (7) states, including Illinois, using false names, identifications, and paying with fraudulent checks in that the bank routing number was

3

accurate but the checking account number was not to a real account

9. It was further part of the scheme that from approximately August 9, 1998 until and including April 25, 2002, BELINDA JOHNSON purchased over $31,000 worth of merchandise from Marshall Fields and Target stores in eight (8) states, including Illinois, using false names, identifications, and paying with fraudulent checks in that the bank routing number was accurate but the checking account number was not to a real account.

10. It was further part of the scheme that from approximately April 8, 1999 until and including January 6, 2002, SABRINA JUNIOR purchased over $16,000 worth of merchandise from Marshall Fields and Target stores in eight (8) states, including Illinois, using false names, identifications, and paying with fraudulent checks in that the bank routing number was accurate but the checking account number was not to a real account.

11. It was further part of the scheme that from approximately August 28, 1999 until and including April 01, 2002, KEISHA BIBBS purchased over $11,000 worth of merchandise from Marshall Fields and Target stores in eight (8) states, including Illinois, using false names, identifications, and paying with fraudulent checks in that the bank routing number was accurate but the checking account number was not to a real account.

12. On or about September 17, 1999, in the Northern District of Illinois,

TIJUANA LEONARD,

defendant herein, in furtherance of the scheme, did knowingly and without authority produced an identification document and a false identification document, as those terms are defined in Title 18 United States Code, Section 1028, to wit: a false driver's license, knowing that such document was produced without lawful authority and affected interstate commerce under Section 1028(c)(3)(A);

In violation of Title 18, United States Code, Sections 1028 (a)(1).

## COUNT TWO

The SPECIAL FEBRUARY 2002-2 Grand Jury further charges:

1. Paragraphs 1 through 11 of Count One of this indictment are herewith realleged and incorporated as though fully set forth herein.

2. On or about October 4, 1999, in the Northern District of Illinois,

## GENELL LONIE,

defendant herein, in furtherance of the scheme, did knowingly and without authority produced an identification document and a false identification document, as those terms are defined in Title 18 United States Code, Section 1028, to wit: a false driver's license, knowing that such document was produced without lawful authority and affected interstate commerce under Section 1028(c)(3)(A);

In violation of Title 18, United States Code, Sections 1028 (a)(1).

## COUNT THREE

The SPECIAL FEBRUARY 2002-2 Grand Jury further charges:

1. Paragraphs 1 through 11 of Count One of this indictment are herewith realleged and incorporated as though fully set forth herein.

2. On or about November 5, 2001, in the Northern District of Illinois,

## ROBIN HATCHETT,

defendant herein, in furtherance of the scheme, did knowingly and without authority produced an identification document and a false identification document, as those terms are defined in Title 18 United States Code, Section 1028, to wit: a false driver's license, knowing that such document was produced without lawful authority and affected interstate commerce under Section 1028(c)(3)(A);

In violation of Title 18, United States Code, Sections 1028 (a)(1).

## COUNT FOUR

The SPECIAL FEBRUARY 2002-2 Grand Jury further charges:

1. Paragraphs 1 through 11 of Count One of this indictment are herewith realleged and incorporated as though fully set forth herein.

2. On or about July 17, 1999, in the Northern District of Illinois,

### SHIKILA BLOUNT,

defendant herein, in furtherance of the scheme, did knowingly and without authority produced an identification document and a false identification document, as those terms are defined in Title 18 United States Code, Section 1028, to wit: a false driver's license, knowing that such document was produced without lawful authority and affected interstate commerce under Section 1028(c)(3)(A);

In violation of Title 18, United States Code, Sections 1028 (a)(1).

## COUNT FIVE

The SPECIAL FEBRUARY 2002-2 Grand Jury further charges:

1. Paragraphs 1 through 11 of Count One of this indictment are herewith realleged and incorporated as though fully set forth herein.

2. On or about March 6, 2000, in the Northern District of Illinois,

BELINDA JOHNSON,

defendant herein, in furtherance of the scheme, did knowingly and without authority produced an identification document and a false identification document, as those terms are defined in Title 18 United States Code, Section 1028, to wit: a false driver's license, knowing that such document was produced without lawful authority and affected interstate commerce under Section 1028(c)(3)(A);

In violation of Title 18, United States Code, Sections 1028 (a)(1).

## COUNT SIX

The SPECIAL FEBRUARY 2002-2 Grand Jury further charges:

1. Paragraphs 1 through 11 of Count One of this indictment are herewith realleged and incorporated as though fully set forth herein.

2. On or about December 20, 2001, in the Northern District of Illinois,

SABRINA JUNIOR,

defendant herein, in furtherance of the scheme, did knowingly and without authority produced an identification document and a false identification document, as those terms are defined in Title 18 United States Code, Section 1028, to wit: a false driver's license, knowing that such document was produced without lawful authority and affected interstate commerce under Section 1028(c)(3)(A);

In violation of Title 18, United States Code, Sections 1028 (a)(1).

## COUNT SEVEN

The SPECIAL FEBRUARY 2002-2 Grand Jury further charges:

1. Paragraphs 1 through 11 of Count One of this indictment are herewith realleged and incorporated as though fully set forth herein.

2. On or about April 7, 2001, in the Northern District of Illinois,

### KEISHA BIBBS,

defendant herein, in furtherance of the scheme, did knowingly and without authority produced an identification document and a false identification document, as those terms are defined in Title 18 United States Code, Section 1028, to wit: a false driver's license, knowing that such document was produced without lawful authority and affected interstate commerce under Section 1028(c)(3)(A);

In violation of Title 18, United States Code, Sections 1028 (a)(1).

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2002-2 Grand Jury further charges:

1. The allegations of Count Two of this indictment are realleged and incorporated by reference as if fully restated here for the purpose of alleging forfeiture to the United States, pursuant to the provisions of Title 18, United States Code, Section 982(c)(1)(C).

2. As a result of her violation of Title 18, United States Code, Section 1028(a)(1),

### GENNELL LONIE,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(c)(1)(C) and 1028(b)(5) any and all personal property used or intended to be used to commit the offense.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Sections 982(c)(1)(C) and 1028(b)(5) include, but are not limited to, the following items seized on or about October 2, 2002:

    (a)    the following personal computers:

           i.    Sony Vaio laptop, serial number: 28331030;

           ii.    Toshiba laptop, serial number 4022756CU;

           iii.    Compaq Presario laptop, serial number 6D18JN27H3FD;

           iv.    HP Pavilion desktop (tower), serial number MX15101452;

           v.    Sony Vaio desktop (tower), serial number A8023035AA;

vi. Sony pocket PC (palmpilot), serial number JX710AAU-5AP122-00014808;

vii. HP laserjet 1000 series printer, serial number CNMR367859;

viii. HP desktop 940c printer, serial number MX14M6D2FC;

ix. Lexmark Z 45 color inkjet printer, serial number 00050055423;

x. HP scanjet 5200 L Scanner, serial number 5691P130RQ; and

xi. Royal Orca 3500 cross cut paper shredder

(b) all peripheral connecting cables and equipment, including printer, keyboard, monitor, zip drive, scanner, speakers, microphone, computer game pad, digital camera, modem card, mouse, manuals, and computer power center related to the above-referenced computer units;

(c) computer disks, including compact disks, floppy disks, and zip disks related to the above-referenced computer units.

All pursuant to Title 18, United States Code, Sections 982(c)(1)(C) and 1028(b)(5).


## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2002-2 Grand Jury further charges:

1. The allegations of Count Five of this indictment are realleged and incorporated by reference as if fully restated here for the purpose of alleging forfeiture to the United States, pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(B).

2. As a result of her violations of Title 18, United States Code, Section 1028(a)(1),

### BELINDA JOHNSON,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any and all personal property used or intended to be used to commit the offense.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 982 (a)(2)(C) include, but are not limited to, the following items seized on or about October 2, 2002:

    (a) 2001 Totota Sequioa, Vin number 5TDBT44A71S021534; and

    (b) Jewlery

All pursuant to Title 18, United States Code, Section 982(a)(2)(C).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

No. 02Cr 944

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

UNITED STATES OF AMERICA

v.

Leonard, Tijuana; Lonie, Gerrell; Hatchett, Robin; Blount, Shikila; Johnson, Belinda; Junior, Sabrina; Bibbs, Keisha

## INDICTMENT

Violations: TITLE  SECTION  # OF COUNTS

18 USC  1028 (a)(1)

A true bill,

_____ Foreman

Filed in open court this 14th day of November, A.D. 2002

MICHAEL W. DOBBINS
By: _____ Clerk

Bail, $ _____

FO 550.320